UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GERALD JONES,

          Plaintiff,                    No. 15 Civ. 03512-PAE

   - against -                       **ANSWER**

JPMORGAN CHASE BANK, N.A., and
AGUSTIN VELASCO,

          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants JPMorgan Chase Bank, N.A., ("Chase") and Agustin Velasco ("Velasco" and together with Chase, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby answer the Complaint filed on May 5, 2015, as follows:

## JURISDICTION AND VENUE AND NATURE OF THE ACTION

Defendants admit that Chase is a citizen of Ohio and that Plaintiff claims that the amount in controversy exceeds $75,000, but lack knowledge and information sufficient to form a belief about the truth that Plaintiff is a citizen of New Jersey, except aver that Plaintiff's last known address provided to Chase was in New Jersey. Defendants deny that Velasco is a citizen of New York and that jurisdiction of this Court is proper under 28 U.S.C. § 1332. Defendants aver that the Court has jurisdiction over Plaintiff's Family Medical Leave Act ("FMLA") claim under 28 U.S.C. § 1331 and the Court has jurisdiction over Plaintiff's New York City Human Rights Law ("NYCHRL") claims under 28 U.S.C. § 1367(a).

Defendants admit that venue is proper in this District.

Defendants admit that this action purports to seek damages under the FMLA and NYCHRL, but deny that Plaintiff is entitled to such damages or to any other relief from Defendants.

## PARTIES

1. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, except aver that Plaintiff's last known address provided to Chase was in New Jersey.

2. Defendants deny the allegations in Paragraph 2 of the Complaint, except aver that Chase is a chartered national banking association with its main office located in Ohio, as set forth in its articles of association.

3. Defendants deny the allegations in Paragraph 3 of the Complaint, except admit the Chase maintains offices located at 270 Park Avenue, New York, New York.

4. Defendants deny the allegations in Paragraph 4 of the Complaint, except admit that Velasco was Plaintiff's direct supervisor and Velasco is employed by Chase as a District Manager.

5. Defendants deny the allegations in Paragraph 5 of the Complaint, but admit that Chase employed Plaintiff as a Branch Manager.

## DEMAND FOR JURY TRIAL

6. Defendants admit that Plaintiff purports to demand a trial by jury, but deny that he is entitled to a jury trial on his equitable claims and any other issue or issues to which a jury is not permitted as of right.

## FACTUAL BACKGROUND

7. Defendants lack knowledge and information sufficient to form a belief about Plaintiff's success in the financial field before working for Chase and deny all other allegations in Paragraph 7 of the Complaint, except aver that Plaintiff began working for one of Chase's predecessors in September 1996.

8. Defendants deny the allegations in Paragraph 8 of the Complaint, but admit that Plaintiff went on Chase-sponsored trips.

9. Defendants lack knowledge and information sufficient to form a belief about the truth of Plaintiff's allegation in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint, but admit that Plaintiff was a Branch Manager located at 158 West 14th Street, New York, New York.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants lack knowledge and information sufficient to form a belief about Plaintiff's estimated work hours and whether Plaintiff took lunch breaks, and deny all other allegations in Paragraph 13 of the Complaint.

14. Defendants lack knowledge and information sufficient to form a belief about Plaintiff's sexual orientation and deny all other allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint, but admit that Plaintiff's branch relocated during a weekend and that Plaintiff informed Velasco that he was attending a funeral that weekend.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint, but admit that Plaintiff's branch was re-opened on March 17, 2014.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants lack knowledge and information sufficient to form a belief about the thoughts attributed to customers and deny all other allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants lack knowledge and information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 27, except admit that Plaintiff had sick and vacation time available and aver that Plaintiff informed Velasco that his father had passed away.

28. Defendants deny the allegations in Paragraph 28 of the Complaint, except admit that Alescia Graham was scheduled to go on vacation and aver that Graham was scheduled to go on vacation during the week of August 18, 2014.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint, except admit that Graham was out on vacation during the week of August 18, 2014.

31. Defendants deny the allegations in Paragraph 31 of the Complaint, but admit that Velasco and Plaintiff's Market Manager spoke with Plaintiff regarding an audit.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint, but admit that Plaintiff met with a Chase investigator to discuss the audit.

35. Defendants lack knowledge and information sufficient to form a belief about the truth of Plaintiff's allegation that he felt unwell and deny all other allegations contained in

Paragraph 35 of the Complaint, except admit that Plaintiff requested medical leave on September 11, 2014.

36. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, except aver that Chase received a certification from Dr. Robert Chavez listing a purported diagnosis of chronic fatigue and noting December 11, 2014, as the date he expected Plaintiff to be released to return to work.

37. Defendants deny the allegations in Paragraph 37 of the Complaint, but admit that Plaintiff filed his disability claim with Chase on September 11, 2014, and that representatives from Chase contacted Plaintiff regarding his claim during the week of September 15, 2014.

38. Defendants deny the allegations in Paragraph 38 of the Complaint, but admit that Chase sent Plaintiff a letter dated September 23, 2014.

39. Defendants deny the allegations in Paragraph 39 of the Complaint, but admit that Chase denied Plaintiff's disability claim in a letter dated October 8, 2014, and admit that Plaintiff requested to appeal the decision.

40. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, except aver that Chase received a short-term disability certification on October 15, 2015, from Dr. Luz Green noting severe anxiety and depression and that Plaintiff will go back to work on December 12, 2014.

41. Defendants deny the allegations in Paragraph 41 of the Complaint, except aver that Plaintiff was required to return to work on December 4, 2014.

42. Defendants admit the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint, except aver that Defendants informed Plaintiff that he was terminated on December 9, 2014, and admit

5

Plaintiff was informed about his termination less than one week after returning from FMLA leave.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

**FIRST CAUSE OF ACTION**
**Sexual Orientation Discrimination in Violation of the NYCHRL Against ALL Defendants**

47. Defendants reallege and incorporate their above response to each and every allegation contained in the Complaint with the same force and effect as though separately alleged and reiterated herein.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint purports to summarize the law as to which no response is required.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

**SECOND CAUSE OF ACTION**
**Sexual Orientation Discrimination via Hostile Work Environment in Violation of the NYCHRL Against All Defendants**

54. Defendants reallege and incorporate their above response to each and every allegation contained in the Complaint with the same force and effect as though separately alleged and reiterated herein

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57.   Defendants deny the allegations in Paragraph 57 of the Complaint.

58.   Defendants deny the allegations in Paragraph 58 of the Complaint.

### THIRD CAUSE OF ACTION
### Disability Discrimination Under the NYCHRL Against All Defendants

59.   Defendants reallege and incorporate their above response to each and every allegation contained in the Complaint with the same force and effect as though separately alleged and reiterated herein.

60.   Defendants deny the allegations in Paragraph 60 of the Complaint.

61.   Defendants deny the allegations in Paragraph 61 of the Complaint.

62.   Defendants deny the allegations in Paragraph 62 of the Complaint.

63.   Defendants deny the allegations in Paragraph 63 of the Complaint.

64.   Defendants deny the allegations in Paragraph 64 of the Complaint.

65.   Defendants deny the allegations in Paragraph 65 of the Complaint.

### FOURTH CASE OF ACTION
### FMLA Retaliation - 29 U.S.C. § 2617 Against Defendant Chase

66.   Defendants reallege and incorporate their above response to each and every allegation contained in the Complaint with the same force and effect as though separately alleged and reiterated herein.

67.   Defendants admit the allegations in Paragraph 67 of the Complaint.

68.   Defendants admit the allegations in Paragraph 68 of the Complaint.

69.   Defendants deny the allegations in Paragraph 69 of the Complaint, but admit that Plaintiff was granted FMLA leave.

70.   Defendants deny the allegations in Paragraph 70 of the Complaint, except aver that Defendants informed Plaintiff that he was terminated on December 9, 2014.

71. Paragraph 71 of the Complaint purported to summarize the law as to which no response is required.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

Further, Defendants deny that Plaintiff is entitled to any of the relief sought in the "Wherefore" clause, including without limitations subparts (i) through (vii).

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

All of Defendants' decisions, actions, and/or omissions with respect to Plaintiff were based upon legitimate non-discriminatory and non-retaliatory business reasons.

## THIRD DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages he purports to have suffered.

## FOURTH DEFENSE

All actions taken or omitted by Defendants with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness, therefore barring Plaintiff from seeking punitive damages.

## FIFTH DEFENSE

Defendants neither engaged in the purported harassment and/or retaliation, nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged harassment or retaliation of Plaintiff.

## SIXTH DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any alleged unlawful harassment and/or retaliation in the workplace, and/or Plaintiff unreasonably failed to take proper advantage of the preventive and corrective opportunities provided by Defendants or to avoid harm otherwise.

## SEVENTH DEFENSE

In the event that Plaintiff can demonstrate that Defendants were motivated by any unlawful factor in any employment decision that he challenges, he is nonetheless not entitled to money damages, reinstatement, or other such relief because the same decision would have been made in the absence of any such unlawful factor.

## EIGHTH DEFENSE

Plaintiff is barred, in whole or in part, from recovery of the damages that he seeks because they are not authorized under the FMLA, the United States Constitution, and/or the New York State Constitution.

## NINTH DEFENSE

To the extent that Plaintiff is requesting compensatory or punitive damages, he is not entitled to such relief under the FMLA.

## TENTH DEFENSE

Defendants have established, implemented, and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees in accordance with N.Y.C. Admin. Code § 8-107(13)(d).

## ELEVENTH DEFENSE

To the extent Plaintiff has failed, in whole or in part, to take reasonable steps to mitigate his damages, any such damages must be reduced in whole or in part.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in its favor against Plaintiff as follows:

1. Dismissing the Complaint in its entirety on the merits;

2. Granting to Defendants the costs and expenses of this action, including attorneys' fees; and

3. Awarding Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 24, 2015

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ John T. DiNapoli
      John T. DiNapoli

Robert S. Whitman
620 Eighth Avenue
New York, New York 10018-1405
Tel: (212) 218-5500
Fax: (212) 218-5526
jdinapoli@seyfarth.com
rwhitman@seyfarth.com

*Attorneys for Defendants JPMorgan Chase Bank, N.A., and Agustin Velasco*