Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-3355

Writer's e-mail
jdinapoli@seyfarth.com

July 10, 2015

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10017

      Re:    <u>Jones v. JPMorgan Chase Bank, N.A., et al., No. 15 Civ. 3512 (PAE)</u>

Dear Judge Engelmayer:

    This firm represents the defendants in the above matter.  I write on behalf of all parties in connection with the Court's Notice of Pretrial Conference (Dkt. No. 8).  The initial pretrial conference with the Court is scheduled for Wednesday, July 15, 2015, at 9 a.m.

## I. Description of the Case

    This is a discrimination and retaliation case.  Plaintiff Gerald Jones was a branch manager at Defendant JPMorgan Chase Bank, N.A. ("Chase").  Defendant Agustin Velasco was Jones's direct supervisor.  Jones alleges that Defendants subjected him to discrimination on the basis of his sexual orientation and disability in violation of the New York City Human Rights Law ("NYCHRL").  Jones also alleges that Chase retaliated against him by terminating his employment for taking medical leave in violation of the Family Medical Leave Act ("FMLA").

### A. Factual and Legal Bases for the Claims

    Jones alleges that Velasco made derogatory and offensive statements regarding homosexuals and intentionally made Jones's job more difficult because he viewed Jones as weak and highly sensitive.  (Compl. ¶¶ 15-16.)  Jones alleges that Velasco sought to destroy his career at Chase because of, in part, Jones's sexual orientation.  (Compl. ¶ 17.)  Jones alleges that he felt unwell at work in September 2014, and requested medical leave from Chase.  (Compl. ¶ 35.)  Jones's request for leave under the FMLA was initially denied by Chase.  Eventually, Chase approved the leave and he remained on leave for approximately three months.  (Compl. ¶¶ 39, 41.)  Jones returned to work in December 2014 and was terminated five days later.  (Compl. ¶¶ 42-43.)  Jones alleges that



Hon. Paul A. Engelmayer
July 10, 2015
Page 2

Velasco influenced the decision to terminate Jones, at least in part, because of Velasco's bias against Jones due to Jones's sexual orientation. (Compl. ¶¶ 50-51.)

Jones alleges that Chase's reasons for terminating his employment were pretextual. (Compl. ¶ 44.) Jones claims that Chase's decision to terminate his employment was motivated by his sexual orientation in violation of the NYCHRL. (Compl. ¶¶ 47-53 [Count 1].) He claims that Velasco's alleged offensive comments and unfavorable treatment crated a hostile work environment based on Jones's sexual orientation in violation of the NYCHRL. (Compl. ¶¶ 54-58 [Count 2].) Jones also alleges that the decision to terminate his employment shortly after returning to work following his leave was motivated by his disability, or his decision to take disability leave, or both, in violation of the NYCHRL. (Compl. ¶¶ 59-65 [Count 3].) Last, Jones alleges that Chase terminated his employment in retaliation for his taking leave in violation of the FMLA. (Compl. ¶¶ 66-73 [Count 4].)

### B.  Factual and Legal Bases for the Defenses

Defendants deny all claims. They defend on the basis that Chase terminated Jones's employment for a legitimate, non-discriminatory reason: falsifying bank records. Jones worked at Chase's Chelsea location. That location operates an overnight "drop box" so that customers can make deposits when the branch is closed. Each morning, two employees are tasked with collecting and counting the prior night's deposits. The employees who perform this task are required to initial a logbook attesting that they participated in, and completed, this activity.

In August 2014, a Chase investigator discovered that Jones had signed the drop box logbook, but did not participate in collecting or counting the deposits. Jones met with the investigator in September 2014 and admitted that he had signed the drop box logbook without participating in the collection of the deposits. Chase began an internal process to terminate Jones's employment, but Jones took medical leave before it could complete this process and inform Jones of the decision. Jones remained out on medical leave for approximately three months, returning in December 2014. Shortly upon his return, Chase informed Jones of its decision to terminate his employment.

Defendants deny that their treatment of Jones or the decision to terminate his employment was motivated by Jones's sexual orientation, purported disability, or in retaliation for his taking FMLA leave. Rather, Defendants assert all of their actions were supported by legitimate business reasons. Additionally, Jones's current allegations do not rise to the level of a hostile work environment under the NYCHRL and Velasco denies that he made any offensive comments to Jones or treated Jones differently because of his sexual orientation.


Hon. Paul A. Engelmayer
July 10, 2015
Page 3

## II. Contemplated Motions

Defendants anticipate moving for summary judgment. As per Your Honor's Individual Rules and Practices in Civil Cases, Defendants anticipate requesting a pre-motion conference within fourteen days of the close of fact discovery in connection with this anticipated motion.

Plaintiff does not presently anticipate moving for summary judgment, but reserves the right to do so should the evidence produced during discovery so warrant it.

## III. Prospect for Settlement

The parties have discussed the prospect for settlement and it does not appear likely at this time.

## IV. Conclusion

A courtesy copy of the pleadings, as required in the Court's Notice of Pretrial Conference, will be sent by overnight mail under separate cover.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ John T. DiNapoli*

John T. DiNapoli

cc:   Walker G. Harman, Jr.
      Owen Laird

20322072v.2